UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYVISION CORPORATION,

        Plaintiff,                      Lead Case No. 1:03-CV-476

v                                        Hon. Gordon J. Quist

SMART TECHNOLOGIES INC., et al,

        Defendants.
_____/

**ORDER**

        As more fully set forth in the court's order of December 14, 2005 (docket no. 298), the court on October 26, 2005 began hearing arguments on Smart's Third Comprehensive Motion to Compel Polyvision to Comply with Discovery Obligations (docket no. 209) and Smart's companion Motion for an Order Requiring Steelcase Inc. to Show Cause for its Defiance of this Court's Third Party Subpoena Duces Tecum (docket no. 211).  The hearing on those motions was interrupted by a break for lunch, following which the parties indicated that they were making significant progress in resolving the various discovery disputes set forth in these motions.  To the extent they could not resolve these disputes, they agreed to return to the court on November 1, 2002.

        On November 1, 2005, the parties met with the court in chambers and indicated they were diligently working to resolve these matters.

        Since the parties had not sought a continuation of the October 26, 2005 hearing, the court in its December 14, 2005 order stated that it would consider both of these motions resolved except to the extent that the parties had filed new briefs during the preceding month, renewing some

1

aspect of these motions.

Several matters were resolved at a hearing on December 15, 2005. The only issue remaining is from the Third Comprehensive Motion to Compel. The remaining issue is that raised in Smart's Supplemental Brief in Support of its Motion to Compel Production of Documents that Polyvision Improperly Withheld from 3M's Production (docket no. 284). Smart contends that it subpoenaed the documents in question from Third Party 3M, but that Polyvision intervened and blocked production of these documents asserting the attorney-client privilege and/or work product immunity. A brief history puts these documents in context.

A Massachusetts corporation, Microtouch Systems, Inc., was a company engaged in, among other businesses, the manufacture and sale of a line of whiteboard products and accessories under the trade name "Ibid." In May 2000, Greensteel, Inc., the wholly-owned subsidiary of Polyvision, purchased the Ibid business from Microtouch Systems along with all the assets and properties of that business, including all books, records, software programs, printouts, drawings, data, files, notes, notebooks, accounts, invoices, correspondence, and memoranda relating to that business. The assets included the '309 patent in the present case. Under the purchase agreement, Microtouch was to ship everything that Polyvision had purchased from Microtouch's Methuen, Massachusetts facility to Polyvision's facilities in Georgia and Oregon. Inadvertently, certain documents not used in the day-to-day operation of the business were left behind in Methuen and not delivered to Polyvision's facility at the time of the move. Microtouch apparently continued to carry on its other operations for a short time until the remainder of the corporation was purchased by 3M Touch Systems, Inc., which took over the Microtouch facility in Methuen. When the documents which were left behind were discovered in response to Smart's subpoena to 3M, Polyvision

intervened and asserted its rights of attorney-client privilege and work product immunity, asserting that it stood in the shoes of Microtouch from whom it had bought the business.

The court heard argument on this issue at the December 15, 2005 omnibus hearing and found that, for reasons more fully stated on the record, the purchase of the Ibid business from Microtouch Systems was clearly the purchase of an ongoing business (rather than a mere assets purchase) which entitled Polyvision to assert the attorney-client relationship formerly enjoyed by Microtouch.  *See,* Asset Purchase Agreement of May 31, 2000, and Affidavit of Michael H. Dunn, CEO of Polyvision , December 2, 2005.  *Commodity Futures Trading Comm'n v Weintraub,* 461 U.S. 343, 349 (1985); *Tekni-Plex Inc. v Meyer and Landis,* 89 NY 2d 123, 133 (NY 1996).

The court further found for reasons stated at the December 15, 2005 hearing that Polyvision had not waived its privileges merely because Microtouch had inadvertently failed to deliver the documents to Polyvision, when Polyvision was not aware of their existence.

It remains for the court to review the documents *in camera,* upon their submission to the court, to determine if the assertions in the privilege log are well taken.  Prior to that, the parties shall meet and address each of the entries listed in the privilege log individually "in a good-faith effort to resolve each specific discovery dispute".   W.D. Mich. LCiv R. 7.1(d).  This should be accomplished and the documents delivered to the court within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

Dated:  December 22, 2005              /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge