UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POLYVISION CORPORATION,

        Plaintiff,                                Lead Case No. 1:03-CV-476

v                                                   Hon. Gordon J. Quist

SMART TECHNOLOGIES INC., et al,

        Defendants.

_____/

**ORDER**

Pending before the court is Polyvision's Motion to Compel Cooperation with Discovery (docket no. 239). By this motion Polyvision seeks an order to compel Smart "to cease its obstructive and improper discovery tactics and cooperate with Polyvision's attempts to obtain relevant discovery from Smart's Canadian agents and Canadian individuals under its control." More specifically, Polyvision contends that Smart has effectively thwarted its efforts to obtain discovery from Paul Gies, a Canadian citizen who was a consulting engineer to Smart in the early 1990's, Sim and McBurney, a firm of Patent & Trade Mark Agents in Toronto, Ontario, and Stephen Perry, a Canadian patent agent registered with the U.S. Patent and Trademark Office who was a member of Sim and McBurney. Mr. Perry has since left that firm to start his own firm in Toronto called Perry & Partners.

Polyvision maintains that Paul Gies is a third party fact witness. When Polyvision noticed his deposition, believing him to be an employee of Smart, they were told that he was not in

1

fact an employee, but rather that he was a third party witness being represented by Smart's lawyers. Smart's attorneys refused to produce Gies voluntarily and said that Polyvision would have to go through the procedure of obtaining letters rogatory. Transcript of the October 26, 2005 hearing at 97-98. At the hearing on this motion, Smart's attorneys took the position that "Smart has no control over Paul Gies. Paul Gies is a third party. He is a Canadian citizen." Trans. 101. "Smart has no control over Paul Gies, at all. When we offered to represent Mr. Gies, it was in connection with the potential deposition of him by Polyvision that we would represent him in connection with that deposition. What we have since told Polyvision is that. . . we would be willing to use our best efforts to work with Polyvision to persuade Mr. Gies to sit for deposition. That's the most as we can do. We can't force him to do anything. . . . we have no control over him."[1] Trans. 102. See also Trans. 107-108.

Notwithstanding these denials of control over Gies, however, Polyvision was also told by Smart's attorneys that they would be willing to produce Gies if the scope of his deposition was to be narrowed (similar to the letters rogatory process which requires that the various topics of the deposition be identified beforehand). Smart's attorneys stated that "our position (apparently speaking in this instance for Smart) is pretty simple." Trans. 109. Smart's attorneys stated that "we do not have any control of these foreign nationals. We will work with Polyvision to convince Mr. Perry and Mr. Gies to sit for deposition, to convince Sim and McBurney to produce documents – non-privileged documents that have been requested by Polyvision." Trans. 109. However, the parties could not agree on how narrowly to tailor the set of topics. Trans. 99-100. Apparently, since

---

[1] It is unclear from this record how an American attorney not admitted to practice in Canada will represent a non-party Canadian citizen at a deposition held in Canada.

Polyvision could not satisfy Smart's attorneys, who represent Gies at Smart's expense, as well as Smart (which would also have to be satisfied unless counsel were to violate their duty to this client), Gies could not be "persuaded" to voluntarily attend. It did not appear at the hearing that Gies had been personally involved in any recent negotiations.

This, of course, is not the first time Smart has interposed itself between Polyvision and a non-party Canadian witness. It did so with Lucien Potvin. See court's orders of September 30, 2005. In that instance, the court found that despite Smart's protestations that it did not control that witness either, there was a written contract to the contrary.

Clearly, this is a private civil action and if Mr. Gies were to consent to be deposed without any limitations, the attorneys could visit him in Calgary where he lives and depose him without any affront to Canadian law. If a Canadian citizen is willing to voluntarily appear and be deposed, permission of a Canadian court is not required. See Trans. 114-115. On the other hand, if he does not want to be deposed, Polyvision is required to resort to the letters rogatory process to obtain at least a limited deposition from him, since this court is without authority to compel a Canadian citizen to appear for a deposition in Canada in connection with an action to which he is not a party.

Polyvision has, simultaneously with this motion, sought and obtained from the court authorization for letters rogatory, thus rendering this motion unnecessary. But even without the letters rogatory, this motion does not seek viable relief. Certainly Smart has a duty to cooperate in discovery,[2] but a court order must be more than an admonition in a vacuum, which is all the present

---

[2]Both parties have submitted themselves to the jurisdiction of this court. To the extent either contravenes its obligations to cooperate with discovery in this court by precluding its adversary from obtaining discovery in Canada, it opens itself to sanctions in this court. It is no

3

motion seeks. To be meaningful it must be directed to an identifiable and legally enforceable duty. In this instance, no specifics have been provided, only the names of targets of discovery. The court will not enter an order it cannot enforce. The motion (docket no. 239) is DENIED.

       IT IS SO ORDERED.

Dated: March 27, 2006                  /s/ Hugh W. Brenneman, Jr.
                                            Hugh W. Brenneman, Jr.
                                            United States Magistrate Judge

---

defense to argue the rules of another country permitted such behavior. For example, requests for documents under Rule 34, FRCP, extend to documents within a party's "custody or control." If such documents are otherwise discoverable under Rule 26(b), it is the party's obligation to produce them even if they are in the hands of an agent of the party that the requesting party cannot otherwise reach.