UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

POLYVISION CORPORATION,

      Plaintiff,

v.                                                                            Case No. 1:03-CV-476

SMART TECHNOLOGIES INC. and                      HON. GORDON J. QUIST
SMART TECHNOLOGIES CORPORATION,

      Defendants.
_____/

SMART TECHNOLOGIES, INC.,

      Plaintiff,                                              Consolidated with:

v.                                                                            Case No. 1:04-CV-713

POLYVISION CORPORATION and
PARAGRAM SALES COMPANY, INC.

      Defendants.
_____/

## ORDER

The Court has before it Smart's motion for an early bench trial on inequitable conduct regarding the '309 patent in Case No. 1:03-CV-476. By Order dated July 11, 2007, the Court granted PolyVision's motion for a bench trial on inequitable conduct in Case No. 1:04-CV-713. A bench trial on PolyVision's claim of inequitable conduct is currently set for October 16, 2007. The July 11, 2007 Order directed the parties to brief the issue of a separate bench trial on Smart's claim of inequitable conduct regarding PolyVision's '309 patent. In accordance with the Order, the parties

have filed briefs, which the Court has read.  For the reasons set forth below, the Court will grant Smart's motion for a bench trial on its claim of inequitable conduct.

Smart contends that it is entitled to a bench trial because it has presented clear and convincing evidence that the applicants for the '309 patent deceived the United States Patent and Trademark Office (USPTO) in prosecuting the application for the patent.  Smart contends that the inventors violated 37 C.F.R. § 1.56, which imposes upon "[e]ach individual associated with the filing and prosecution of a patent application . . . a duty of candor and good faith . . . , which includes a duty to disclose to the Office all information known to that individual to be material to patentability . . . ."  Smart contends that the inventor-applicants violated this requirement in two ways.  First, it contends that the inventors failed to disclose the pertinent details of Smart's SB2 tensioning system, including the inventors' belief that the SB2 system "pretensioned" the membrane.  Smart contends that a detailed description of the pertinent aspects of this system would have been material to the USPTO's decision on the '309 patent application.  Second, Smart contends that the inventor-applicants misled the USPTO when they distinguished the Saunders prior art reference by stating that the invention in the '309 patent application presented a way to prevent sagging of the membrane without the use of spacer dots, which Saunders had used, when in fact the inventors knew that spacer dots were still necessary on larger boards.

PolyVision contends that the Court should deny Smart's motion "because the allegations are so lacking in substance and support that any such separate trial would be futile."  (PolyVision Resp. at 1.)  With regard to the alleged failure to disclose pertinent details of the SB2 tensioning system, PolyVision notes that the inventors did in fact disclose that system in the "Background" section of the patent.  PolyVision further notes that the inventors described the operation of the SB2 system and

explained that a key difference between that system and the disclosed invention was that the SB2 system lacked a "mechanism to automatically adjust the tension of the outer membrane."  Finally, it notes that Smart's reliance upon the deposition testimony of inventor Bernard O. Geaghan describing the system as "pretensioning" the membrane is irrelevant because the term "pretension" is an ambiguous word and Mr. Geaghan's characterization of "pretensioning" sheds no light upon whether Mr. Geaghan's interpretation would have been material to the examiner.  Regarding the spacer dot issue, PolyVision asserts that the invention disclosed in the '309 patent is a self-tensioning system that *may* avoid the use of spacer dots, but the inventors never said that spacer dots could not be used.  It further asserts that the original patentee, MicroTouch, made smaller boards without any spacer dots but chose to use spacer dots in the larger boards because it was difficult to find boards that were consistently flat, such that the thin space between the membrane and the substrate could be maintained without spacer dots.  Finally, PolyVision contends that the examiner never relied upon Micro touch's statement regarding spacer dots because the examiner allowed the patent only after MicroTouch responded to another office action.

The Court concludes that Smart's motion should be granted for the following reasons.  First, as PolyVision noted in its own motion for a bench trial, in *Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366 (Fed. Cir. 2006), the Federal Circuit reaffirmed the propriety of a bench trial on inequitable conduct in appropriate cases and held that such a procedure does not deprive a plaintiff of a jury trial on a claim of infringement.  *See id.* at 1372-73.  Here, PolyVision's infringement claims have been dismissed, so there is no argument that a bench trial will deprive PolyVision of any right to a jury trial.  Second, holding a bench trial on Smart's inequitable conduct claim makes sense from the standpoint of judicial economy.  *See* Fed. R. Civ. P. 42(b) (authorizing separate trials of any claim,

cross-claim, counterclaim or third-party claim "in furtherance of convenience"). The Court has already granted PolyVision's motion for a separate bench trial and has set a trial date, and it makes sense for the Court to hear the evidence on both claims and rule on them in a single decision. Finally, the Court concludes that Smart has made a sufficient showing to warrant a bench trial. Specifically, Smart has presented evidence that the inventor-applicants of the '309 patent may not have been sufficiently candid with the USPTO regarding the use of spacer dots. While the Court will determine the issue at a later time, it notes that Smart's evidence raises a legitimate issue about whether the need for spacer dots on larger boards was information that would have been material to the examiner. For instance, Smart has shown that the applicants made an unqualified representation that the disclosed invention differed from Saunders by eliminating the need for spacer dots, when in fact the inventors knew that spacer dots were necessary in larger boards. Although Smart's evidence on its alternative ground (failure to disclose the details of the SB2 system) is not as strong, the Court finds it appropriate at this point to grant a bench trial on both issues. Therefore,

**IT IS HEREBY ORDERED** that Smart's Motion For An Early Bench Trial On Inequitable Conduct Regarding U.S. Patent No. 5,838,309 (docket no. 423) is **GRANTED**.

Dated:  September 4, 2007                     _____/s/ Gordon J. Quist_____
                                                                            GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE